**In re the Petition for DISCIPLINARY ACTION AGAINST Todd R. HAUGAN, an Attorney at Law of the State of Minnesota.**

No. C9–92–150.

Supreme Court of Minnesota.

July 16, 1992.

---

ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition with this Court alleging that the respondent Todd R. Haugan had committed professional misconduct warranting public discipline. In the petition, the Director alleges that respondent misappropriated law firm funds when he agreed to accept a portion of a client's settlement proceeds as payment in full of that client's outstanding attorney fees with the firm, without the

knowledge or consent of the law firm's shareholders. Respondent allegedly deposited into his personal checking account the $25,000 in settlement proceeds paid over by the client, then attempted to hide his receipt of the payment by asking a law firm shareholder and the law firm's bookkeeper to "write off," in their entirety, the client's outstanding attorney fees. Respondent allegedly continued to hide his receipt of the client's payment after he terminated his employment with the law firm, and did not disclose to the law firm that he had received the fees until the law firm sued him for allegedly converting law firm property. Respondent ultimately paid over to the law firm the amount he had received from the client, plus interest, separate and apart from any settlement in the law firm's action against him. Respondent's disciplinary history includes two admonitions in 1987 and 1990, respectively.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also withdrew the answer he previously had filed in this matter and acknowledged that, in doing so, this court would deem admitted the allegations of the petition against respondent. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a 30–day suspension. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That, effective 10 days after the date of this order, the respondent, Todd R. Haugan, is suspended from the practice of law for a period of 30 days, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That the reinstatement hearing provided for in Rule 18(a) through (d), Rules on Lawyers Professional Responsibility, is waived.

3. That respondent automatically shall be reinstated following the expiration of the period of suspension provided that, at least 15 days before the expiration of the period of suspension, respondent files an affidavit with the Clerk of Appellate Courts and the Director's Office establishing that respondent is current with Continuing Legal Education, has complied with Rules 24 and 26, Rules on Lawyers Professional Responsibility, and satisfactorily has completed all other conditions imposed by this court in this decision.

4. That respondent successfully shall complete the professional responsibility portion of the state bar examination within 1 year of the date of this order.

5. That respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.